STATE *vs.* LEANDER B. STOYELL.

Franklin.    Opinion November 21, 1879.

*Evidence.    Medical expert.    Former declarations.*

In the trial of an indictment for an assault with intent to kill, it is within the province of a medical expert, and legally admissible, for him to state what were the dangers naturally and usually attendant upon blows upon the head such as would produce the wounds described at the trial.

To the extent to which it is competent to prove the former declarations of a witness at all, whether under oath or not, he is a competent witness to prove them, unless some legal right of personal privilege is thereby impaired.

ON EXCEPTIONS.

Indictment containing three counts, the first for an assault with intent to murder, the second for an assault with intent to kill, and the third for assault and battery committed on Andrew T. Tuck.

During the trial the county attorney asked Dr. P. Dyer, a regular physician of long practice, a government witness, if such wounds (as were claimed to have been made in this case upon the head with a hatchet,) were dangerous to life; and the witness answered that "we always consider blows upon the head dangerous." The witness was then asked, "From what does the danger arise." The question was seasonably objected to, but the objection was overruled, and the witness allowed to answer.

Said Tuck was called by the state and on cross-examination was asked if he testified to certain things before the trial justice, but, objection being made, it was excluded.

Among other instructions given the jury the court instructed them in this manner : "You have a right to infer from the nature of the act that he (the defendant) intended to take life, if the means used were calculated to effect that object. Are you satisfied that it was a deadly weapon, and was it used in a manner calculated to cause death ?"

To which instructions and adjudications, (the verdict being guilty under the second count in the indictment,) the respondent alleged exceptions.

*Elias Field,* (county attorney) for the state.

*H. L. Whitcomb,* for the defendant.

SYMONDS, J. The indictment in this case, in three counts, charges first, assault with intent to murder, secondly, assault with intent to kill, thirdly, assault and battery.

The verdict was against the respondent upon the second count, charging assault with intent to kill.

The first exception states that "during the trial the county attorney asked Dr. Dyer, a regular physician of long practice, and a government witness, if such wounds (as were claimed to have been made in this case upon the head with a hatchet) were dangerous to life; and the witness answered, "we always consider blows upon the head dangerous." The witness was then asked, "from what does the danger arise." The question was seasonably objected to, but the objection was overruled and the witness allowed to answer.

From this extract from the exceptions we infer, that the only objection was to the last question proposed to the medical expert, from what does the danger from blows on the head arise. The case does not state the reply of the witness—and it is difficult to see, without knowing the answer, how the respondent was aggrieved by admitting the question; even if we were to assume that there was some irregularity about it, either of form or substance.

But it would be strictly within the province of a medical expert to state to the jury in answer to a question like this what were the dangers naturally and usually attendant upon blows about the head, such as would produce the wounds described at the trial.

In another clause of the exceptions, two sentences from the charge are given, as to the inferences which might properly be drawn by the jury from the use by the respondent of a deadly weapon, at the time of the assault; if they were satisfied that such a weapon was employed, and in a manner calculated to cause death.

But the exceptions further state, that "all of the stenographer's report of the charge upon the subject to which these sentences relate, is a part of these exceptions for the purpose of showing how they were qualified or enlarged."

No such report has been given to this court, and this exception is not before us for consideration.

The exceptions further state that the complainant, Andrew T. Tuck, on whom the assault was committed, "was called by the state, and on cross-examination was asked if he testified to certain things before the trial justice, but objection being made it was excluded."

Here, also, the exceptions fail to show that the respondent has been in any manner aggrieved. What was the testimony excluded, whether it was material or pertinent in any aspect of the case, or what was the ground of the objection or the exclusion, on all these vital points, without which the court cannot determine that the respondent has been aggrieved by any error in law, the case is silent. It may be true that the complainant testified to many things before the trial justice, which were not admissible in evidence, either for or against him, and about which it was not competent to interrogate him again. This court, at all events, cannot assume the contrary.

This exception must be overruled.

The rule referred to in *State* v. *Knight*, 43 Maine, 128, that a witness cannot be called upon to state his testimony given on a former occasion, in a trial where the same evidence is relevant, we have no doubt arose under the conflict of authority which long prevailed upon the question, how far the previous statements of a person, made under oath, can be proved against him when on trial for crime.

This question is very elaborately considered in the case of *State* v. *Gilman*, 51 Maine, 206, and the decision was in favor of the admissibility of the evidence in that case.

So far as it is competent to prove what have been the declarations of a witness on former occasions, whether made under oath or otherwise, we see no reason why it is not competent to prove them by himself, if it can be done without interfering with any right he may have to claim the privilege of not criminating himself. Except to the extent of such a privilege, where it has not been waived, the witness should testify, if called upon, to all facts within his knowledge that are pertinent and legally admissible.

The witness being competent, and the testimony admissible, there can be no exception of certain matters about which the witness is not to be interrogated, unless it arises from a personal privilege claimed. In fact, it is a very general practice in the courts of the country, although not in all instances in this state, to require the attention of the witness to be called to the time and place of an alleged declaration inconsistent with his present testimony, in order to lay the foundation for offering impeaching evidence.

Although there is nothing in this case to require it, it may contribute to uniformity of practice in this respect in the future, for the court to establish the rule, that, to the extent to which it is competent to prove the former declarations of a witness at all, whether under oath or not, he is a competent witness to prove them, unless some legal right of personal privilege is thereby impaired.

*Exceptions overruled.*
*Judgment for the state.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.